IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


RUBEN LAVELLE GREEN,                    :

          Petitioner,       :
v.                                      :       CRIMINAL NO. 07-00206-WS
                                        :       CIVIL ACTION NO. 09-00648-WS
UNITED STATES OF AMERICA,
                                        :
          Respondent.       :
                                        :


## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Ruben Lavelle Green's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 43), and the Government's response in opposition thereto. (Doc. 45).  This action was referred to the Undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] Because the record is adequate to dispose of this matter, no

---

[1] The Honorable Chief United States District Judge William H. Steele presided over the October 23, 2007 guilty plea proceeding during which Green pled guilty to Count Four of the indictment. Judge Steele also presided over the sentencing, which was conducted on September 30, 2008. This matter has been referred to the Undersigned Magistrate Judge for entry of a Report and Recommendation.  The Undersigned has reviewed the Petitioner's motion and related documents and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Steele.  Based upon that review, the Undersigned makes the following report and recommendation.

1

evidentiary hearing is required.  Having carefully reviewed the record, it is recommended that Green's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Ruben Lavelle Green.

I. BACKGROUND

In June 2007, Green was charged in a five-count indictment alleging various drug offenses. (Doc. 1).  Green was appointed counsel, and arraigned on the charges. (Docs. 7, 9).  On August 10, 2007, the Government filed Enhancement Information. (Doc. 16).  In the Notice, the Government advised that because Defendant had been found guilty of a felony drug offense, namely Possession of Cocaine, in Mobile, County Alabama, on January 25, 2006, Defendant's statutory sentence in this case would be increased to a minimum mandatory of twenty years up to life imprisonment if he was convicted of count one, a minimum mandatory of sentence of ten years up to life imprisonment if he was convicted of counts two or four, and a maximum sentence of thirty years imprisonment if he was convicted on count three of the indictment.

On October 19, 2007, Green entered into a negotiated plea

agreement with the Government.[2] (Doc. 27). The plea agreement, which was signed by Green, his counsel and counsel for the Government, reads in relevant part as follows:

PENALTY

10. The maximum penalty the Court could impose as to Count Four of the Indictment is:

a.  Mandatory minimum 5 years to a maximum of 40 years imprisonment;
b.  A fine not to exceed $2,000,000.00 dollars,
c.  A term of supervised release of 5 years, which would follow any term of imprisonment.  If the defendant violates the conditions of supervised release, he/she could be imprisoned for the entire term of supervised release; and
d.  A mandatory special assessment of $100.00.

However, based upon the Enhancement Information, filed by the United States in the case, the defendant is subject to a minimum mandatory ten years confinement to life imprisonment, a fine not to exceed $4,000,000.00; a term of supervised release of 5 years, which would follow any term of imprisonment and a mandatory special assessment of $100.00. If the defendant violates the conditions of supervised release, he/she could be imprisoned for the entire term of supervised release....

LIMITED WAIVER OF RIGHT TO APPEAL SENTENCE

19. The defendant acknowledges that he is aware that 18 U.S.C. § 3742 affords a

---

[2] The plea agreement was filed with the Court on October 22, 2007. (Doc. 27).

3

defendant the right to appeal the sentence imposed. In exchange for the recommendations made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence imposed in this case.

20. With the limited exceptions noted below, the defendant also waives his right to challenge any sentence so imposed, or the manner in which it was determined, in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255.

21. The defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:
   a.  Any punishment imposed in excess of the statutory maximum;
   b.  Any punishment that constitutes an upward departure from the guideline range; or
   c.  A claim of ineffective assistance of counsel.

22. In addition, the defendant reserves the right to petition the Court for resentencing pursuant to 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the defendant's sentence.

(Id. at 3, 10).

Appearing before Green's signature line on page 12 of the Agreement is this paragraph: "I have consulted with my counsel and fully understand all my rights with respect to the offense(s) charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily

4

agree to it.  I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt." (Id. at 12).

On October 23, 2007, the Court conducted a plea colloquy pursuant to Federal Rule of Criminal Procedure 11(b).  Green was represented by counsel and testified, under oath, that he understood each of the rights set forth in the plea agreement. Upon questioning, Green acknowledged that the facts asserted were true and were sufficient for a jury to find him guilty of count four as charged in the indictment.  Green also acknowledged that he had read and understood the plea agreement, and that he had reviewed it with his attorney.  Green further acknowledged that he faced an enhanced punishment based on his prior conviction, and that if convicted, he could receive a term of imprisonment of ten years to life, a fine not to exceed four million dollars, a supervised release term up to five years, and a mandatory special assessment of $100. (Doc. 46 at 7-8).  When questioned regarding the voluntariness of his plea, and whether any promises had been made to him apart from what was contained in the plea agreement, Green acknowledged that his plea was voluntary and that no promises apart from the agreement had been made to him. (Id. at 7, 14).  The Court found that Green's plea

5

was made knowingly, feely and voluntarily, and that the facts admitted by him were sufficient to support the plea. Accordingly, the Court adjudicated Green guilty.

Utilizing the 2007 edition of the United States Sentencing Guidelines, a presentence report was prepared and filed with the Court. (Doc. 33). In the presentence report (hereinafter "PSR"), Defendant was deemed accountable for 2 ounces of cocaine powder; 10.56 ounces of crack cocaine and 28.91 grams of marijuana. (Id. at 13-14). These amounts were converted to their marijuana equivalents, then added together to yield Green's base offense level of 32. There was a two point enhancement for a firearm, and a three point reduction for acceptance of responsibility and timely notification of intent to enter a guilty plea. Thus, the total offense level was 31, and the criminal history category was I, which resulted in a guideline range of imprisonment of 108 to 135 months. (Id. at 14-17, 21). However, because Green had a prior felony drug conviction, the provisions of 21 U.S.C. § 841(b)(1)(B), in effect at his time of sentencing, provided a statutory minimum term of ten years (120 months) in prison for Count 4 of the indictment. See 21 U.S.C. § 841(b)(1)(B) (providing, at the time of Green's sentencing, that a defendant guilty of committing a § 841(a)(1) offense involving 5 grams or more of crack cocaine

after a prior conviction for a felony drug offense "shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life"). (Id. at 21).

Neither party filed objections to the PSR, and at sentencing, which was conducted on September 30, 2008, the Court adopted the PSR, and found that the sentencing guideline range of 108 to 135 months had been accurately calculated based on a base offense level of 32, a two-level enhancement for possession of a firearm, a three level reduction for acceptance of responsibility and a criminal history category of zero. (Doc. 46, att. 1 at 3). The Court also noted that a mandatory minimum of 120 months was also applicable. Defense counsel acknowledged that the mandatory minimum enhancement applied, and advised that the Government had determined that Defendant's efforts at cooperation did not justify a motion for sentence reduction based on substantial assistance. The Court sentenced Green to one hundred and twenty months imprisonment, eight years of supervised release and a special assessment of one hundred dollars. (Doc. 46, att. 1 at 7-9). The Government's oral request to dismiss the remaining counts was granted. (Id. at 9). On that same day, Green's counsel filed a Notice of Non-Appeal that was executed by both Green and his counsel. (Doc. 39).

7

## II. DISCUSSION

A. Claim One

In his first claim, Green alleges that his counsel was ineffective because he failed to object to the two point gun enhancement. (Doc. 43 at 4).  The standard for evaluating ineffective assistance claims was set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  In order to establish a claim of ineffective assistance of counsel, a petitioner is required to establish two things: (1) that his attorney's representation fell below "an objective standard of reasonableness" and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different.  Strickland, 466 U.S. at 689-690.  The Strickland v. Washington standard for evaluating claims of ineffective assistance of counsel is applicable to challenges to guilty pleas based on ineffective assistance of counsel.  Hill v. Lockhart, 474 U.S. 52, 57-58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

To succeed on such a claim, "the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687, 104 S.

8

Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  In addition, the defendant must establish that "counsel's constitutionally ineffective performance affected the outcome of the plea process."  Hill, 474 U.S. at 59, 106 S. Ct. at 370.  In other words, . . . [a petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded [not] guilty and would . . . have insisted on going to trial."  Hill, 474 U.S. at 59, 106 S. Ct. at 370.

When applying the Strickland standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds."  Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998) (citation omitted), cert. denied sub nom., Oates v. Moore, 527 U.S. 1008, 119 S. Ct. 2347, 144 L. Ed. 2d 243 (1999); see also Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been."); Duren v. Hopper, 161 F.3d 655, 660 (11th Cir. 1998) ("[I]f a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

As asserted by the Government, Green's claim must fail because, assuming arguendo that his counsel was ineffective for failing to object to the firearm enhancement, Green was not prejudiced as a result.  As noted above, while under the

9

sentencing guidelines, Green's total offense level was 31 (with the two point enhancement for the firearm, and reductions for acceptance of responsibility and timely notification of his intent to plea) and his criminal history category was zero; thereby yielding a guideline range of imprisonment at 108 to 135 months; however, because of Green's prior felony drug conviction, he was subject to the statutory mandatory term of imprisonment of ten years (120 months) to life pursuant to 21 U.S.C. § 841(b)(1)(B).  Because the statutory mandatory minimum sentence was greater than the otherwise applicable guidelines range, the statutory mandatory minimum of ten years (120 months) to life imprisonment became the controlling guideline range. See U.S.S.G., § 5G1.1(c)(2); see generally United States v. Brown, 2012 U.S. App. LEXIS 24050, *2, 2012 WL 5870674, *1 (11th Cir. Nov. 21, 2012) ("Because the statutory mandatory minimum sentence was greater than the otherwise applicable guidelines range, the statutory mandatory minimum . . . became the guidelines range . . . .") (citing U.S.S.G. § 5G1.1(b)).  Given that Green was sentenced under the statutory mandatory minimum provision, the firearm enhancement became a non-issue, and he suffered no prejudice as a result.  In the absence of prejudice, his ineffective assistance of counsel claim must fail.

B. Claim Two

Green also argues that his case is a direct result of the application of 100 to 1 ratio for crack cocaine offenses and that such a ratio produces disproportionately harsh sentences. Green contends that the Court should apply the 1 to 1 crack to powder cocaine ratio and reduce his sentence. As a preliminary matter, the undersigned finds that this claim is precluded by the sentence waiver contained in the parties' plea agreement.[3] In this circuit, "[a]n appeal waiver is valid if a defendant enters into it knowingly and voluntarily." United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006) (citation omitted); see also United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993) ("We hold, therefore, that in most circumstances a defendant's knowing and voluntary waiver of the right to appeal his sentence will be enforced by this circuit.").

In this case, Green pleaded guilty during a change of plea proceeding after being informed of the limited appeal waiver and acknowledging his understanding of that limited waiver.

---

[3] Although not asserted by the Government, it would also appear that this claim is procedurally defaulted since Green did not file a direct appeal, and instead executed a Notice of Non-Appeal. See Lynn v. United States, 365 F. 3d 1225, 1232 (11th Cir. 2004)("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal.").

11

Specifically, Green advised the court that he understood, as set forth in the plea agreement bearing his signature, that he waived his right to appeal any sentence imposed except that he could appeal if the punishment imposed was in excess of the statutory maximum, if the punishment imposed constituted an upward departure from the guideline range, or if he had a claim of ineffective assistance of counsel. (Doc. 46 at 10). As noted above, "there is a strong presumption that the statements made during the colloquy are true." United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

Based on the foregoing, the undersigned finds that Green's knowing and voluntary limited waiver of his right to appeal his sentence should be enforced. Because it is clear that Green's sentence of one hundred and twenty (120) months imprisonment was not in excess of the statutory maximum, nor was his sentence an upward departure from the applicable guideline range, he has no right to contest his sentence. This is particularly true where Green actually received the statutory minimum that was available due to his prior felony drug offense. Thus, this claim must fail.

The undersigned observes in passing that Amendment 750 to the United States Sentencing Guidelines, which reduced the base offense level for certain crack cocaine offenses, affords no relief to Plaintiff.[4]  Even assuming that retroactive application of Amendment 750 would result in Green's base level being adjusted downward, the statutory mandatory minimum sentence provision under which he was sentenced would still control. Thus, the statutory mandatory minimum of one hundred and twenty (120) months would still be the minimum available to Green.  See United States v. Williams, 2012 U.S. Dist. LEXIS 167080, *2 (S.D. Ala. Nov. 26, 2012) (J. Steele) (although through retroactive application of Amendment 750, the defendant's new base offense level was lowered to 26, and resulted in a new calculated guideline range of 92 to 115 months, the calculated range "must give way to the statutory mandatory minimum sentence of 120 months under the iteration of 21 U.S.C. § 841 (b)(1)(A) that was in effect at the time of the offense" and original sentencing proceeding.).

Additionally, the Fair Sentencing Act of 2010 (hereinafter "FSA") does not provide a basis for relief to Green.  The FSA lowered the mandatory minimum sentence for crack cocaine

---

[4]  Effective November 1, 2011, the United States Sentencing Commission enacted Amendment 750 to the United States Sentencing Guidelines.

distribution offenses involving 58 grams of crack cocaine from 10 years to 5 years; however, those changes are not applicable to defendants who were sentenced long before FSA's effective date. See United States v. Berry, 701 F.3d 374, 377-78 (11th Cir. 2012) (court expressed agreement with every other circuit to address this issue that there is no evidence and no reason to believe that Congress intended the FSA to apply to defendants sentenced earlier than August 3, 2010, the date the FSA took effect.). Given that Defendant was sentenced on September 30, 2008, the FSA provides no basis for the relief that he is requesting. Thus, Green's claim is due to be dismissed.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the Undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

15

Neither of Green's claims would warrant the issuance of a Certificate of Appealability in this case.  For the reasons discussed above, he has failed to establish prejudice with respect to his ineffective assistance of counsel claim and has failed to show any basis for not applying his sentence waiver in this case.  Under the circumstances, reasonable jurists could not debate whether any of Green's claims should be resolved in a different manner or were adequate to deserve encouragement to proceed further on the merits.  The recommendation that these claims be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the claims on the record presented.  It is thus recommended that the Court deny any request for a Certificate of Appealability.

<u>CONCLUSION</u>

For the foregoing reasons, it is recommended that Green's § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 43) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Ruben Lavelle Green.  In addition, the undersigned Magistrate Judge is of the opinion that Green is not entitled to issuance of a Certificate of Appealability.  It is so

recommended.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **29th** day of **March, 2013.**

                                        **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of

---

[5]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.